UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
NOV 2 3 2011
JAMES N. HATTEN, CLERK
By:
Deputy Clerk

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 20, 2011
JOHN LEY
CLERK

No. 10-15601

District Court Docket No.
1:09-cr-00105-TCB-GGB-1

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

versus

SHAUN LEE THOMAS,

        Defendant - Appellant.

Appeal from the United States District Court for the
Northern District of Georgia

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: October 20, 2011
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

Issued as Mandate
November 22, 2011

A True Copy - Attested
Clerk, U.S. Court of Appeals
Eleventh Circuit

Deputy Clerk
Atlanta, Georgia

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 10-15601
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00105-TCB-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAUN LEE THOMAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(October 20, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Shaun Thomas appeals his convictions for three counts of sexual abuse of a child under the age of 12, in violation of 18 U.S.C. § 2241(c). He argues that: (1) the

trial court both abused its discretion and plainly erred by admitting two witnesses' testimony concerning the victim's credibility; and (2) the trial court incorrectly removed the jurisdictional element of the offense from the jury's deliberations, and this error was not harmless as the alleged incident may have happened while the cruise ship was docked in a port. After careful review, we affirm.

With regard to properly preserved challenges, we review determinations concerning the admissibility of evidence for clear abuse of discretion. United States v. Gamory, 635 F.3d 480, 492 (11th Cir. 2011). Where a party fails to preserve a claim by raising it below, we review only for plain error. Id. Any error cannot be plain where there is no binding precedent on an issue. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). A district court's given jury instructions are subject to harmless error analysis. United States v. Drury, 396 F.3d 1303, 1314 (11th Cir. 2005). Therefore, even if a court's jury instructions erroneously omitted an element of the offense, we will still affirm if "it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Id. (quotations omitted). Where the evidence produced at trial conclusively establishes that the omitted element was met, the error is harmless. See id.

First, we are unpersuaded by Thomas's claim that the trial court both abused its discretion and plainly erred by admitting two witnesses' testimony concerning the

2

victim's credibility. Every jury "has an obligation 'to exercise its untrammeled judgment upon the worth and weight of testimony' and to 'bring in its verdict and not someone else's.'" United States v. Sorondo, 845 F.2d 945, 949 (11th Cir. 1988) (quoting United States v. Johnson, 319 U.S. 503, 519 (1943)). Accordingly, witnesses may not testify as to the credibility of another witness. See id. at 948-49.

Nevertheless, a "defendant may not complain on appeal that he was prejudiced by evidence relating to a subject which he opened up at trial." United States v. Wilson, 439 F.2d 1081, 1082 (5th Cir. 1971).[1] Additionally, where it appears that a defendant failed to object to a trial error for strategic reasons, the error "is clearly not 'obvious.'" United States v. Simmons, 961 F.2d 183, 186 (11th Cir. 1992). Therefore, a defendant fails to make a showing of plain error. Id. at 185-86. Finally, admission of evidence which does not constitute a constitutional violation is subject to harmless error analysis. See United States v. Harriston, 329 F.3d 779, 788-89 (11th Cir. 2003).

Here, the district court did not abuse its discretion by allowing Agent Fonseca to testify that he did not have any concerns about the victim making up the allegations in this case. As the record shows, Thomas had asked Fonseca on cross-examination

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

whether, in his experience, he was aware that children make stuff up on occasion. Therefore, even if Fonseca's testimony is construed as a comment on the victim's credibility, Thomas may not complain of its admission because he opened up this line of questioning. See Wilson, 439 F.2d at 1082.

The district court also did not plainly err by allowing in Karen Delano's unresponsive testimony that during her interview, the victim seemed to be a very credible little girl. As the record shows, Thomas vigorously objected to Agent Fonseca's testimony that he did not have any concerns about the victim possibly making up the allegations in this case, yet Thomas remained silent during Delano's testimony. Moreover, on redirect Thomas attempted to impugn Delano's credibility assessment by discussing the victim's prior viewing of pornography. Thus, it appears that Thomas may have failed to object to Delano's testimony for strategic reasons. Accordingly, the district court did not plainly err by admitting Delano's testimony. Simmons, 961 F.2d at 185-86.[2]

We also reject Thomas's claim that the district court committed reversible error by incorrectly removing the jurisdictional element of the offense from the jury's

---

[2] In any event, even if the district court had abused its discretion or committed plain error by allowing in this testimony, the error was harmless as the evidence at trial conclusively established Thomas's guilt. Indeed, the record shows that the victim's multiple accounts of the incidents substantially corresponded with each other, and that other evidence corroborated the victim's statements.

4

deliberations. A defendant may be convicted under 18 U.S.C. § 2241(c) if he knowingly engages in a sexual act with another person who has not attained the age of 12 years in the special maritime and territorial jurisdiction of the United States. See 18 U.S.C. § 2241(c). Section 7 of Title 18 states that the special maritime and territorial jurisdiction of the United States includes "any foreign vessel during a voyage having a scheduled departure from or arrival in the United States with respect to an offense committed by or against a national of the United States." 18 U.S.C. § 7(8).

In this case, even if the court incorrectly removed the elements of 18 U.S.C. § 7 from the jury's determination, the error was harmless. Thomas provides no legal support for his argument that a "voyage" under 18 U.S.C. § 7(8) does not encompass times when a ship is docked in a harbor. Additionally, we are aware of no relevant precedent. Therefore, the court did not plainly err by assuming that the incident occurred during a voyage as long as it occurred at some point on the cruise. See Lejarde-Rada, 319 F.3d at 1291.

Furthermore, the evidence presented at trial conclusively established that the incident occurred on the ship at some point during the cruise which departed from and returned to Jacksonville, Florida. Moreover, the evidence showed that the offense was committed on a foreign vessel, and against a national of the United States.

Accordingly, any error in removing the jurisdictional element from the jury's determination was harmless.

**AFFIRMED.**

A True Copy - Attested
Clerk, U.S. Court of Appeals
Eleventh Circuit

Deputy Clerk
Atlanta, Georgia