[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14680
Non-Argument Calendar
_____

D.C. Docket Nos. 1:12-cv-03676-TCB,
       1:09-cr-00105-TCB-GGB-1

SHAUN LEE THOMAS,

                                                                 Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                                 Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 5, 2015)

Before MARCUS, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Shaun Lee Thomas, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate sentence, alleging that his trial counsel

provided ineffective assistance because: (1) they failed to object to a witness's testimony, which improperly bolstered the credibility of the victim; and (2) they failed to call two defense witnesses. After careful review, we affirm.

In a § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008). We review de novo a claim of ineffective assistance of counsel, which is a mixed question of law and fact. Payne v. United States, 566 F.3d 1276, 1277 (11th Cir. 2009). A district court's denial of an evidentiary hearing is reviewed for abuse of discretion. Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014). Under § 2255, "[a] petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." Id. at 1216 (quotation omitted). However, an evidentiary hearing is not required if the allegations are "patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." Id. (quotations omitted).

To establish ineffective assistance of counsel, a movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, the movant must demonstrate that counsel's performance was unreasonable under prevailing professional norms. Id. at 688. Our review of counsel's performance is highly deferential, and we apply a "strong presumption" that

counsel's performance was reasonable and that all significant decisions were made in the exercise of reasonable professional judgment. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). We conduct an objective inquiry into the reasonableness of counsel's performance, such that "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690.

A movant may satisfy the prejudice prong of the Strickland test by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Supreme Court has elaborated that "[t]he likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, ___, 131 S.Ct. 770, 792 (2011). The defendant must affirmatively prove prejudice because attorney errors are as likely to be "utterly harmless" as they are to be prejudicial. Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000) (quotation omitted).

A defendant is guilty of aggravated sexual abuse of a child under 12 if he "crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or [while] in the special maritime and territorial

jurisdiction of the United States . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years." 18 U.S.C. § 2241(c).

In Snowden v. Singletary, a 28 U.S.C. § 2254 case, we held that an expert witness's testimony bolstering the credibility of the victim was improper and denied the petitioner due process. 135 F.3d 732, 737–38 (11th Cir. 1998). There, the expert had testified that 99.5% of children tell the truth and that he, in his own experience with children, had not encountered an instance where a child had invented a lie about abuse. Id. at 737. We determined that the credibility-bolstering testimony constituted a denial of fundamental fairness because the case was based almost entirely upon the testimony of the victim and two other children, without any significant physical evidence, and the prosecutor relied heavily upon the credibility testimony in closing argument. Id. at 738.

However, in Dorsey v. Chapman, involving another § 2254 petition, we denied relief despite the witness's improper credibility-bolstering testimony. 262 F.3d 1181, 1186 (11th Cir. 2001). In that case, we held that the testimony was improper, but that the petitioner failed to demonstrate prejudice because trial counsel used the credibility testimony to discredit the state's expert witness, and the state presented other evidence that supported the conviction. Id.

Here, Thomas has failed to meet his burden of showing that trial counsel provided ineffective assistance by failing to object to the testimony of defense

witness Karen Delano, when she observed on redirect examination that the victim appeared to be credible. To begin with, Thomas has not overcome the "strong presumption" that counsel's performance was reasonable. As the record shows, trial counsel previously had successively objected to another witness's credibility-bolstering testimony on the basis that it was improper, and obtained a jury instruction that only the jury could determine the credibility of witnesses. Further, trial counsel used Delano's observation that she found the victim credible to elicit testimony from Delano that the victim's prior viewing of pornographic film covers at her grandfather's house "could explain some things." Trial counsel then argued, in closing, that the victim was not credible, relying in part on that testimony. As a result, counsels' decision not to object to Delano's testimony appears to be a reasonable, strategic choice made in the exercise of their professional judgment.

As for Thomas's claim that we must conclude that trial counsels' reason for failing to object was not reasonable or strategic, since the district court did not hold an evidentiary hearing, we disagree. The test is whether counsels' representation fell below an objective standard of reasonableness, not whether counsel could provide some explanation for their actions. Cf. Strickland, 466 U.S. at 687-88; Chandler, 218 F.3d at 1315. Because the record establishes that counsels' decision not to object was objectively reasonable, an evidentiary hearing was unnecessary. Winthrop-Redin, 767 F.3d at 1216. And, in any event, even if counsel performed

5

deficiently by failing to object to the credibility-bolstering testimony, Thomas did not demonstrate that his defense was prejudiced by that failure because the government presented strong evidence of his guilt. See Strickland, 466 U.S. at 694; Harrington, 131 S.Ct. at 792; Gilreath, 234 F.3d at 551.

We also reject Thomas's claim that trial counsel's failure to call two defense witnesses amounted to ineffective assistance of counsel. We've said that "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). Nevertheless, the failure to call an exculpatory witness is more likely to be prejudicial when the conviction is based on little evidence of guilt. Fortenberry v. Haley, 297 F.3d 1213, 1228-29 (11th Cir. 2002) (concluding that there was no prejudice because the jury had strong evidence of the § 2254 petitioner's guilt). The movant cannot show prejudice if the omitted evidence is aggravating, cumulative, or incompatible with the defense strategy. See Rhode v. Hall, 582 F.3d 1273, 1287 (11th Cir. 2009).

Here, Thomas has failed to show that his trial counsel were ineffective for failing to call his aunt, Delighter Baker, and his cousin, D'Neille Ellis, as witnesses. He claims that their testimonies would have called into doubt the physical evidence -- the child-sized underwear that his girlfriend at the time of the offense, Nykia Cheeks, found in his luggage and provided to the government.

Specifically, he says that Baker and Ellis would have said that Cheeks told them that she knowingly provided investigators from the Federal Bureau of Investigations ("FBI") with underwear that she knew was unrelated to the allegations against him because the government threatened to take away her children if she did not do so.  However, as the record reveals, Cheeks herself testified that she was not sure whether the underwear that she gave the FBI was the same underwear that she found in Thomas's luggage.  Moreover, an FBI agent testified that investigators did not find Thomas's or the victim's DNA on the underwear.  Most importantly, Baker's and Ellis's testimonies about which underwear Cheeks gave the FBI were not exculpatory or relevant because they would have had no impeaching effect on the testimonies of Cheeks or her daughter that they found the underwear in Thomas's luggage, and that Thomas admitted that the underwear belonged to the victim.  Thus, Thomas did not demonstrate that trial counsel was ineffective for failing to present non-exculpatory testimony by Baker and Ellis.

    **AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 05, 2015

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 13-14680-AA
Case Style: Shaun Thomas v. USA
District Court Docket No: 1:12-cv-03676-TCB
Secondary Case Number: 1:09-cr-00105-TCB-GGB-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call David L. Thomas, AA at (404) 335-6169.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs